**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RYAN SHEVIN SMITH,

        Petitioner,

v.

WARDEN R. THOMPSON, et al.,

        Respondents.

Civil Action No. 24-9295 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

This matter comes before the Court on the habeas petition filed by Petitioner Ryan Shevin Smith pursuant to 28 U.S.C. § 2241. (ECF No. 1). As Petitioner has paid the filing fee (*see* ECF Docket Sheet), this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition is denied.

## I. BACKGROUND

Petitioner is a convicted federal prisoner who is currently serving a prison term for crimes including Hobbs Act robbery and a violation of 18 U.S.C. § 924(c). Although Petitioner acknowledges in his petition that a prisoner serving a sentence under § 924(c) is ineligible to earn credits under the First Step Act, he argues in his petition that he is being improperly denied FSA

credits for those portions of his sentence which are attributable to his other crimes of conviction, and that his sentence is being improperly aggregated as a single term of imprisonment fully ineligible for FSA credits. (*Id.* at 6.) Petitioner believes that the requirement that sentences be aggregated is solely a creature of the BOP's statutory interpretation, and that this interpretation should no longer receive deference in light of the Supreme Court overturning *Chevron* deference. (*See* ECF No. 1-1.)

## II. <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III. <u>DISCUSSION</u>

In his habeas petition, Petitioner argues that he is being improperly denied credits towards portions of his sentence under the First Step Act. As Petitioner acknowledges, however, the First Step Act itself states that a "prisoner is ineligible to receive time credits . . . if the prisoner is serving a sentence for a conviction under . . . § 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii); *see also United States v. Smith*, 54 F.4th 1000, 1006 (7th Cir. 2022) (a § 924(c) conviction "bars [a prisoner] from receiving good-time credit under the First Step Act"). As Petitioner is currently serving a term of imprisonment for crimes including a § 924(c) conviction, the statute thus bars him from being eligible to accrue credits under the Act. *See Myers*

*v. Warden*, No. 21-19952, 2023 WL 2392867, at *2 (D.N.J. Mar. 3, 2023) (finding that inmates convicted under § 924(c) are statutorily ineligible to receive First Step Act good-time credits).

Petitioner does not dispute that he has been convicted of a violation of § 924(c) which renders him ineligible while serving his sentence for that crime, but instead argues that the BOP's interpretation of federal law requiring the aggregation of criminal counts for sentence calculation purposes should no longer receive deference in light of the overturning of *Chevron* deference, and that he should therefore be considered to have already served his § 924(c) sentence and should no longer be barred from FSA credits as to the remainder of his sentence. Contrary to Petitioner's assertion that the BOP is unreasonably interpreting federal law in treating his sentences as a single aggregate, however, 18 U.S.C. § 3584(c) explicitly requires that the BOP treat multiple sentences ordered to run consecutively or concurrently to be treated for administrative purposes as a "single, aggregate term of imprisonment." As the calculation of sentencing credits is an "administrative purpose," the BOP is required by the statute to treat sentences like Petitioner's which include at least one conviction for an FSA ineligible crime as a single aggregate term which is not subject to the accrual of FSA credits. *See, e.g., Teed v. Warden FCI Allenwood*, No. 23-1181, 2023 WL 4556726, at *1-2 (3d Cir. July 13, 2023); *see also Chambers v. Warden Lewisburg USP*, 852 F. App'x 648 (3d Cir. 2021). No deference to BOP regulations is required to reach this conclusion, the BOP is merely following the dictates of Congress in aggregating Petitioner's § 924(c) sentence with his sentence on his remaining charges for the purposes of calculating his sentence and entitlement to FSA credits. Because Petitioner's current aggregate sentence includes a term for a conviction under § 924(c), he is statutorily ineligible for the credits he seeks for his entire aggregate term of imprisonment. To the extent Petitioner believes he can serve out his § 924(c) term first, then serve a remainder FSA eligible sentence, he is clearly mistaken. Petitioner is not eligible for FSA credits, and his habeas petition is therefore denied.

## IV.    CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

4